IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
_____

WAYNE N. PHILLIPS,

    Plaintiff,                    CIVIL ACTION NO. _____ 2:21-CV-1089

v.

STALLION OILFIELD SERVICES, LTD,     COMPLAINT

    Defendant.

_____

## **COMPLAINT**

AND NOW COMES Plaintiff, Wayne N. Phillips, ("Plaintiff" or "Mr. Phillips"), by and through his undersigned counsel, and brings this Complaint seeking legal and equitable relief for disability and age discrimination against Stallion Oilfield Services, Ltd. ("Defendant" or "Stallion") in violation of the Americans with Disabilities Act of 1990 ("ADA") and the ADA Amendments Act of 2008 ("ADAAA"), and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. 621 *et seq.* (hereinafter "ADEA"), as well as pendent state law claims arising under the provisions of the laws of this Commonwealth, to wit, the Pennsylvania Human Relations Act, 42 P.S. § 951, *et seq.* (hereinafter referred to as "PHRA"). In support thereof, Mr. Phillips states and avers the following:

## PARTIES

1.      Plaintiff, Wayne N. Phillips, is an adult individual residing at 401 Woodburn Road, Claysville, PA 15323.  Plaintiff is 75 years old.

2.      Defendant, Stallion Oilfield Services, Ltd. ("Stallion"), is a corporation or other entity, formed in Texas, with a location at 2699 Jefferson Avenue, Washington, PA 15301, where Mr. Phillips was employed.

## JURISDICTION AND VENUE

3.      Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1391. This action is authorized and instituted pursuant to the ADA, ADAAA, and ADEA.

4.      Pursuant to 28 U.S.C. § 1367(a), The United States District Court for the Western District of Pennsylvania has supplemental jurisdiction over Mr. Phillips' state-law PHRA claims, which arise from the same case and/or controversy as the aforementioned claims, for which this Court has original jurisdiction.

5.      The unlawful employment practices and resulting wrongful termination were committed by Stallion in Washington, Pennsylvania (Washington County), where Plaintiff worked as a truck driver. Therefore, the United States District Court for the Western District of Pennsylvania is the proper venue for the action under 28 U.S.C. §1391(b).

6.      Plaintiff exhausted his administrative remedies by timely filing a charge against Defendant jointly with the Equal Employment Opportunity Commission

("EEOC") and Pennsylvania Human Relations Commission ("PHRC") at 533-2021-00403.  Plaintiff's PHRC and EEOC Charges are incorporated by reference as if fully set forth herein.  On May 21, 2021, the EEOC mailed Plaintiff a Dismissal and Notice of Rights letter (the "Right to Sue" letter), advising him of the right to bring this action. Plaintiff has filed the instant suit within 90 days of receipt of the Right to Sue letter.

## **FACTUAL BACKGROUND**

7.      The foregoing paragraphs are incorporated herein as if set forth in full.

8.      At all relevant times hereto, employees of Stallion acted as agents and servants for Stallion.

9.      At all relevant times, employees of Stallion were acting within the scope of their authority and in the course of employment under the direct control of Stallion.

10.      At all relevant times, Stallion is and has been an employer employing more than 100 employees.

11.      At all times relevant hereto, Stallion is and has been an "employer" and/or "person" within the meaning of the laws at issue in this matter, and is accordingly subject to the provisions of said laws.

12.      At all relevant times, Mr. Phillips was an "employee" within the meaning of the laws at issue in this matter, and is accordingly entitled to the protection of said laws.

13.      Mr. Phillips is a 75-year-old adult individual within the class of individuals protected by the laws at issue in this suit.

14.      Mr. Phillips was hired as a truck driver for Stallion on July 30, 2018.  Prior to his employment by Stallion, Mr. Phillips worked for Stallion's predecessor, Dean's Water Service.

15.     Upon information and belief, Mr. Phillips was the oldest employee of Stallion at this location.

16.     Mr. Phillips was a loyal Stallion employee, and throughout his employment, he performed his duties in an objectively excellent manner.

17.     In fact, at a company meeting in early 2020, Mr. Phillips was praised by management for being their oldest employee, and it was noted that he routinely outperformed his younger peers.

18.     Mr. Phillips was on short-term disability for a period in 2020 for a foot condition.

19.     At all relevant times, Mr. Phillips intended on returning to his position once his medical treatment had been completed.

20.     Mr. Phillips Family and Medical Leave Act ("FMLA") leave expired on April 21, 2020, however, Stallion's disability insurance carrier approved Mr. Phillips through May 31, 2020.

21.     Without warning or explanation, Mr. Phillips was informed by Stallion that he was terminated as of May 29, 2020.

22.     Mr. Phillips has never received a written termination notice, or any explanation, from Stallion as to the reason for his termination.

23.     Mr. Phillips was terminated, in part, due to Stallion's unwillingness to accommodate his disability and offer him additional time off to recover.

24.     Accommodation of Mr. Phillips' disability would not have caused Stallion any hardship.

25.     Following Mr. Phillips' termination, Stallion hired younger individuals to work in the same position that Mr. Phillips had held.

26.     Mr. Phillips was terminated due to his age.

27.     Mr. Phillips was discriminated against on the basis of his age and disability, culminating in his termination on May 29, 2020.

28.     Mr. Phillips was subjected to discrimination on the basis of his age and terminated as a result of discrimination in violation of the ADEA.

29.     Mr. Phillips was discriminated on the basis of his disability and terminated as a result of discrimination in violation of the ADA.

30.     As a result of the discrimination and other wrongful conduct to which he was subjected, Mr. Phillips has suffered and continues to suffer mental anguish and severe emotional distress.

31.     Stallion's agents and employees involved in Mr. Phillips' termination all acted with the intent of causing, or in reckless disregard of the probability that their actions would cause Mr. Phillips severe emotional distress.

32.     Mr. Phillips has suffered financial losses, including, among other things, lost wages, and an obligation for attorneys' fees and costs of bringing suit as a proximate result of the actions and inactions of Stallion.

### COUNT - I
### PLAINTIFF v. DEFENDANT
### Plaintiff's claims under the ADEA

33.     The foregoing paragraphs are incorporated herein as if set forth in full.

34.    Defendant's conduct, as outlined above, including, but not limited to, terminating Plaintiff in favor of younger employees, constitutes unlawful age discrimination in violation of the ADEA.

35.    In addition, as outlined above, Plaintiff was discharged without notice or explanation.

36.    As a direct result of Defendant's wrongful conduct Plaintiff has suffered substantial economic harm including, *inter alia*, lost salary and/or commissions.

37.    Further, said discrimination was willful, intentional, and in flagrant disregard of the provisions of the ADEA thereby entitling Plaintiff to liquidated damages

**COUNT II**
**PLAINTIFF v. DEFENDANT**
**Violations of the ADA (Failure to Accommodate)**

38.    The foregoing paragraphs are incorporated herein as if set forth in full.

39.    At all times relevant herein, Plaintiff's medical condition rendered him an individual with a disability under the ADA.

40.    Defendant knew of Plaintiff's disability and need for a reasonable accommodation (limited/additional time off from work).

41.    Defendant reasonably could have accommodated Plaintiff.

42.    Defendant refused to accommodate Plaintiff.

43.    Defendant fired Plaintiff because Plaintiff required/requested a reasonable accommodation related to his disability.

44.    Defendant's aforementioned conduct is in violation of the ADA and has caused Plaintiff to suffer damages.

**COUNT - III**
**PLAINTIFF v. DEFENDANT**

## Plaintiff's claims under the PHRA

45.     The foregoing paragraphs are incorporated herein as if set forth in full.

46.     Defendant's conduct, as outlined above, including, but not limited to, denying him accommodations for his disability and terminating him in favor of younger employees constitutes unlawful age discrimination in violation of the PHRA.

47.     In addition, as outlined above, Plaintiff was discharged without notice or explanation.

48.     As a direct result of defendant's wrongful conduct plaintiff has suffered substantial economic harm including, *inter alia*, lost salary and/or commissions.

49.     In addition, defendant's unlawful conduct has caused Plaintiff emotional distress.

## PRAYER FOR RELIEF (all counts)

WHEREFORE, Plaintiff seeks damages to the extent that he has been harmed by Defendant's unlawful conduct and specifically prays that the Court grant the following relief:

A. Award to Plaintiff back salary, commissions, wages, fringe benefits, front pay, and other allowable damages, together with prejudgment interest pursuant to the ADEA and PHRA;

B. Award to plaintiff compensatory damages pursuant to the PHRA;

C. Award to plaintiff liquidated damages pursuant to the ADEA and ADA; and,

D. Award to plaintiff and his counsel attorneys' fees, costs and disbursements pursuant to the ADEA, ADA, and PHRA; and,

E. Any other relief that this Court deems appropriate.

## JURY DEMAND

Plaintiff demands trial by jury of all issues so triable.


Date: August 16, 2021                    Respectfully submitted,

                                         /s/ Stephen S. Photopoulos
                                         _____
                                         Stephen S. Photopoulos, Esq.
                                         3000 McKnight East Drive, Suite 330
                                         Pittsburgh, PA 15237
                                         Telephone:   (412) 414-9889

                                         *Counsel for Plaintiff, Wayne N. Phillips*